UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THADDEUS TAYLOR,
        Petitioner,

                                                                 PRISONER
v.                                             Case No. 3:03CV2132(DJS)

COMMISSIONER THERESA LANTZ
WARDEN JAMES DZENDURA,
        Respondents.

## RULING ON MOTION FOR RECONSIDERATION

On February 28, 2005, the court granted the respondents' motion to dismiss without prejudice as to claims one and four of the habeas petition, denied the motion to dismiss as to claims two and three of the petition, and stayed this action as to claims two and three pending petitioner's completion of the exhaustion process in state court as to claims one and four. (See Doc. No. 21 at 11.) The petitioner now moves for reconsideration of the court's ruling arguing that the court erred in granting the motion to dismiss in part. The petitioner argues that he should not be required to exhaust his state court remedies because those remedies are inadequate.

The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981). In determining whether the petitioner has been deprived of due process because of delay, courts consider the factors set forth in Barker v. Wingo, 407 U.S. 514 (1972). See, e.g., United States v. Mohawk, 20 F.3d 1480, 1485 (9th Cir. 1994); Cody v. Henderson, 936 F.2d 715, 717-18 (2d Cir. 1991). Those factors include the

length of the delay, the reason for the delay, whether the petitioner asserted his rights, and whether the petitioner will suffer any prejudice as a result of the delay.  See Barker, 407 U.S. at 530.  "In determining whether a delay of a prisoner's appeal violates due process . . . no one factor is dispositive and all are considered together with the relevant circumstances."  Simmons v. Reynolds, 898 F.2d 865, 868 (2d Cir. 1990).  In cases concerning delay of post-trial proceedings, the courts also consider the interests of federal-state comity.  See, e.g., Brooks v. Johnson, 875 F.2d 30, 32 (2d Cir. 1989).

In June 2001, the petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of New Haven.  See Taylor v. Warden, CV-01-452868-S (Conn. Super. Ct. June 28, 2001).  On August 6, 2003, a superior court judge granted respondent's motion for summary judgment as to certain counts of the petition.  See id.  In July 2005, the petitioner moved to amend his petition.  The court is currently attempting to find counsel to represent the petitioner.

After considering the petitioner's allegations concerning the delays in his state habeas petition and reviewing the docket sheet from that petition, the court concludes that the delay does not rise to the level of a due process violation in the context of either a direct appeal or a collateral proceeding.  See Ralls v. Manson, 503 F.2d 491, 493-94 (2d Cir. 1974) (three and one-half year delay in processing criminal appeal "not the equivalent of a complete absence of effective state appellate process"); But see, e.g., Muwwakkil v. Hoke, 968 F.2d 284, 285-86 (2d Cir.) (holding that thirteen year delay in appeal violated due process), cert. denied, 506 U.S. 1024 (1992); Mathis v. Hood, 937 F.2d 790 (2d Cir. 1991) (six year delay of direct appeal excessive); Diaz v. Henderson, 905 F.2d 652 (2d Cir. 1990) (seven year delay of direct appeal excessive).

Although the action taken by the state court in processing the petitioner's habeas petition has not always been swift, the delays have not rendered the state process ineffective.  Furthermore, the docket sheet reflects that during the pendency of the state petition, counsel has been appointed to represent the petitioner on at least three occasions, but the petitioner has also moved for counsel to withdraw on at least three occasions.  The petitioner filed an amended petition in June 2003 and, in July 2005, moved for leave to file a second amended petition.  Thus, at least part of the delay may be attributed to petitioner's own actions.  Nor has the petitioner alleged that the state court's delay in deciding the habeas will prejudice him in any way.  See, e.g., Cousart v. Hammock, 580 F. Supp. 259, 268-69 (E.D.N.Y. 1984), aff'd, 745 F.2d 776 (2d Cir. 1984) (an impaired ability to defend at retrial because of lost witnesses or lost evidence demonstrated prejudice as a result of delay in perfecting the appeal).

Accordingly, the court cannot conclude that the five and one-half year delay in the petitioner's state habeas corpus action is unreasonable or that pursuit of the petition for writ of habeas corpus in state court is necessarily futile.  Accordingly, the petitioner is not excused from exhausting his state remedies before proceeding in federal court.

Accordingly, the petitioner's motion for reconsideration is granted.  After careful reconsideration, the court affirms its ruling granting in part and denying in part the respondents' motion to dismiss and staying this action as to grounds two and three.  The petitioner also asks the court to issue a writ of mandamus to order the Connecticut Superior Court to issue a decision as to the claims remaining in his state habeas petition.  The court lacks jurisdiction to issue a writ of mandamus against state officials.  See Robinson v. People of the State of Illinois, 752 F. Supp. 248 (N.D. Ill. 1990) (finding that federal mandamus statute does not apply to actions against the state itself); Morrison v. Florida, No. 8:05CV2351T30TGW, 2006 WL 47284, at *1

(M.D. Fla. Jan. 6, 2006) (holding that section 1361 does not authorize mandamus relief against state or state agencies).

## Conclusion

The Motion for Reconsideration [**doc. # 22**] is **GRANTED**. After careful reconsideration, the court **AFFIRMS** the Ruling [**doc. # 21**] granting the respondents' motion to dismiss without prejudice as to claims one and four of the habeas petition, denying the motion to dismiss as to claims two and three of the petition and staying this action as to claims two and three pending petitioner's completion of the exhaustion process as to claims one and four. If the petitioner seeks to proceed only as to the exhausted claims, claims two and three, he may file a motion indicating that he would like to lift the stay and file an amended petition including only the exhausted claims and attach a proposed amended petition to the motion. The petitioner is cautioned, however, that if he decides to file an amended petition including only the two exhausted claims, he will not be able to raise the two unexhausted claims at a later date unless he obtains permission to file a second petition from the Second Circuit. See 28 U.S.C. § 2244(b). In addition, if permission were denied, he could be precluded from obtaining federal review of that claim.

**SO ORDERED** this 29th day of March, 2006, at Hartford, Connecticut.

/s/DJS

_____
Dominic J. Squatrito
United States District Judge